UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRENCE PASCHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-00621-SEB-DKL |
| | ) | |
| LESTER COATS LT., | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Affirmative Defense of
Failure to Exhaust Available Administrative Remedies**

**I. Background**

This is a civil rights action brought by Terrence Paschall, an inmate of the Correctional Industrial Facility ("CIF") against correctional officer Lester Coats. Coats has presented as an affirmative defense his contention that Paschall failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") prior to filing this action.

The Court denied Coats's motion for summary judgment based on Paschall's failure to exhaust his available administrative remedies.

The Court held a hearing on July 28, 2016, pertaining to the exhaustion defense. The parameters of the hearing were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The plaintiff was present in person and represented by counsel. The defendant was present by counsel. Evidence, including testimony, was submitted. In addition to evidence presented during the hearing, the Court has considered the evidence presented in support of and opposition to the motion for summary judgment.

The burden of proof as to this defense rests on the defendant. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). For the reasons explained in this Entry, the Court finds that Coats has not met his burden of proof. His affirmative defense that Paschall failed to comply with the exhaustion requirement of the PLRA is therefore **overruled.**

## II. Discussion

A. *The Exhaustion Requirement*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809. "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.*

B. *Paschall's use of the Exhaustion Process*

Based on the evidence and testimony, the Court finds the following with respect to Paschall's attempt to use the administrative remedy process.

Paschall was incarcerated at CIF on the date of the incident alleged in the complaint. CIF maintains a grievance process, which was in place at the time of the incident and permits inmates to grieve matters involving prison life, including the acts alleged in the complaint. The grievance process requires an inmate to attempt to resolve his complaint informally and then pursue two formal steps. If an inmate cannot resolve his grievance informally, he can file a Level I grievance. The Level I grievance must be filed within twenty business days from the day of the event that is the subject of the grievance. If the Level I grievance is not resolved in a manner that satisfies the inmate, or if he does not receive a response within 25 working days of submitting the grievance, he may file a Level II appeal to the Indiana Department of Correction's ("DOC") Grievance Manager. At CIF, Level I and Level II grievances are filed by placing them in a secured box in the dining hall. The grievances are collected daily.

Paschall filed a timely Level I grievance with respect to the acts at issue, but there is no DOC record that he filed a Level II appeal to the DOC's Grievance Manager. On February 26, 2015, and again on March 6, 2015, the Indiana DOC Ombudsman Bureau informed Paschall to file an appeal to Central Office to exhaust the grievance process. Paschall provides a copy of the grievance appeal he alleges that he submitted and asserts that he did not receive a response to the appeal.

Coats argues that because there is no record that Paschall filed an appeal, he has failed to exhaust his available administrative remedies. Paschall argues that he did file a grievance appeal and any failure to record the grievance appeal made the administrative remedies available to him and that his claims in this case are outside the grievance process.

While Paschall argues that the Court should infer that he did file the relevant grievance appeal, the Court finds such inference is unsupported by the evidence. The evidence shows that Paschall was familiar with the grievance process. He obtained a Level I grievance form, filled it out and placed it in the appropriate mailbox in the dining hall. He received a response to this grievance. All grievance forms, including appeals, are collected daily from a locked box. If Paschall had filed a grievance appeal, there is no reason to believe that the appeal would not have been collected and recorded.

While Paschall submitted an Offender Grievance Program Grievance Appeal form in response to the motion for summary judgment, he had not previously produced or attached that form to any of his previous filings, despite the fact that he had previously submitted copies of his Level I Grievance, requests for interview, and letters he received from the Ombudsman regarding his complaints. The Court finds this omission significant in discrediting Paschall's testimony that he did file a grievance appeal. The Court doubts that Paschall would have waited until the response to the motion for summary judgment to submit this form if he had it in his possession when he previously submitted all of the other evidence upon which he relies. Having weighed the conflicting evidence concerning Paschall's actions in pursuing the administrative process, the Court finds that Paschall has failed to rebut Coats's evidence that Paschall failed to file a grievance appeal.

Paschall also argues that, because he is challenging an alleged violation of federal law, to wit, that Coats exercised excessive force against him in violation of the Eighth Amendment, the grievance policy is not applicable to his claims. Paschall points out that the grievance policy states: "Some issues cannot be resolved by the Department or the facilities and the offender will need to proceed through other channels in order to attempt to address these issues. Other issues are, by

their nature, not of a type that can properly be addressed through the Offender Grievance Process. Examples of these types of issues include, but are not limited to ones arising under Federal, state and local law.  But the grievance process specifically includes as grievable issues that "affect[] (an inmate) personally and impact[] the conditions of . . . confinement" including "actions of individual staff . . . ." Here, Paschall's claim that Coats exercised excessive force against him falls squarely in the grievable category of "actions of individual staff." The exclusion from grievable issues of those allegations related to "federal, state, and local law" is more likely intended to exclude grievances that challenge those laws, not necessarily those alleging a violation of them. The grievance policy also provides:  "In those cases where an offender submits a grievance concerning a non-grievable issue . . . staff shall deny the grievance for that reason." (Offender Grievance Process 5-6). Because Paschall's grievance was recorded and considered by prison officials, it was deemed a grievable issue.

Though Paschall has not alleged or shown that his attempt to pursue the grievance policy was somehow thwarted or that he was otherwise exempt from utilizing that process, the Court finds Defendants' response to Paschall's grievance troubling. The response to Paschall's Level I grievance states: "In regards to your grievance, based on the nature of your complaint and the statements made therein I am forwarding your grievance from to the custody supervisor for his review into the matter. Based on the foregoing I can provide no further relief at this level." This response reflects no decision having been made by prison staff and  no resolution reached with regard to the grievance.   Instead, the grievance appears to have been merely passed along for review up the chain from one officer to another officer, with no one taking ownership of it in order to effect a solution.  No resolution of this grievance was communicated to Paschall, which clearly

left him uncertain of the required next step(s). Thus, we hold that Paschall was deprived of an opportunity to pursue the grievance process to its conclusion.

### III. Conclusion

Paschall did not file an appeal in compliance with the grievance policy. However, because the prison's response to his Level I grievance stated only that his claims were being referred to the custody supervisor and no further action was taken to resolve it, Paschal was justified in waiting for information regarding the status of his grievance. Having received no such information, Paschall was prevented from exhausting his available administrative remedies. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Accordingly, the affirmative defense that Paschall failed to exhaust his available administrative remedies is **overruled**. This action shall proceed to a consideration of the merits of Paschall's claims.

**IT IS SO ORDERED.**

Date: _9/28/2016_

*Sarah Evans Barker* (signature)
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Terrence Paschall
146997
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

All electronically registered counsel